Swift, J. (concurring).
The claimant-herein has filed a claim against the State alleging that the State, in the construction of the Barge canal, has cut off the access to a stone quarry near Fort Ann in the county of Washington; and that cutting off the access to said quarry has deprived claimant of its leasehold rights in the quarry, and rendered it much more difficult and expensive for the claimant to market the product of the quarry.
One Charles Fenton was, for a number of. years prior to *460 the passage of the act authorizing the construction of the Barge canal, the owner of a tract of land near Fort Ann, Washington county, H. Y., upon which was a quarry commonly known as the “ Bice Stone Quarry.” It had not been worked for about thirty years. Wood creek runs northerly between the quarry and the Delaware and Hudson railroad station at Fort Ann; and in taking the product of the quarry to Fort Ann for shipment, either by canal or railroad, it is necessary to cross Wood creek. The quarry is half to three-quarters of a mile from the station at Fort Ann. In September, 1904, the State made its survey for the Barge canal along the valley of Wood creek between the quarry and the railroad station at Fort Ann, and set the stakes for the center line of the canal, and marked each stake “ O. L.” for center line; and some of the directors of the claimant knew the survey had been made before the lease was taken of the quarry. On March 14, 1906, Flood and Sherrill took a lease of the quarry from Fenton for the term of ten years, and the lease was by them assigned to the claimant March 24,1906; and, on August 27, 1906, the term of the lease was extended to twenty years. Under the lease all personal property, and structures made at the quarry were to be the personal property of the claimant. The notice of the appropriation of Fenton’s land by the State was served on January 8, 1907. A spur or siding of the Delaware and Hudson railroad was run from near the railroad station at Fort Ann to the quarry in September, 1906. A crusher and bins for storing crushed stone were constructed near the quarry in the spring of 1907, and after the appropriation of Fenton’s land by the State. The siding so constructed crossed Wood creek at a point where no other bridge had ever been erected. The stakes were set marking the entire appropriation, in July or August, 1906, and before the track was constructed; and the track as constructed crossed the land surveyed and marked for appropriation by the'State for the purposes of the Barge canal.
This court has held, in the case of Jane B. Johnson against the State, that the title to the bed of Wood creek was in the State of Hew York, and we see no reason to change our *461 opinion in this respect. The description and boundaries of Fenton’s land along Wood creelt are at low-water mark, excluding the bed of Wood creek.
The Court of Appeals, in Fort Plain Bridge Co. v. Smith, 30 N. Y. 44, held that, where the State owns the bed of a stream, no person has a right to interfere with or obstruct the bed of the stream without the consent of the State. This case has been cited and approved in a number of cases since decided in the Court of Appeals. It could not be successfully maintained that Fenton had any rights in the bed of Wood creek superior to that of the State. FTeither Fenton, nor his lessees, nor the claimant, nor any other person had any legal right to maintain a railroad across the bed of Wood creek which would interfere with the State’s use of the bed of Wood creek for any public purpose.
The title to the bed of Wood creek being in the State, the State had the right without compensation to remove any structure over it which interfered with the use of the bed of Wood creek by the public or the State of Hew York.
The scheme of the construction of the Barge canal along the valley of Wood creek is to utilize Wood creek and its waters and to straighten the old channel by cutting off points where there were windings in the bed of the creek. It, in fact, takes Wood creek and absorbs it in an improved waterway. The State would, undoubtedly, have the right without compensation to use the bed of Wood creek, if it followed its windings and turnings and appropriated no other land1; but where it takes land outside of the bed of the creek it must make compensation therefor. At the point where this spur of the railroad track crosses the bed of Wood creek on Fen-ton’s property, the original bed of the creek is not disturbed by the State in the construction of the Barge canal — the canal straightening Wood creek and running some seventy-five feet westerly of the original bed of the creek at that point. The bridge constructed over the bed of Wood creek has not been disturbed by the State, but it remains there by the sufferance of the State.
Counsel for claimant insists that, so long as the bridge where it crosses the bed of Wood creek has not been dis *462 turbed, the question of the rights of the State in the bed of the creek has no materiality in this case. The very foundation of value of claimant’s leasehold right is, as claimant insists, his absolute right to access to this property hy means of the railroad constructed across the bed of Wood creek. I am of the opinion that claimant has no right to maintain such a bridge over property owned by the State which would interfere with the use of the property of the State for a public purpose. If the State has the right without compensation to break the continuity of claimant’s road where it crosses the bed of Wood creek, it can add but little injury to break it at a point seventy-five feet distant, although the track over the bed of Wood creek is not disturbed.
But unquestionably the State had appropriated some land outside the bed of Wood creek over which claimant had a right of way under the lease, and I think it would be error to dismiss the claim. I am of the opinion that the damages by reason of this appropriation are nominal. Claimant is certainly limited to such damage as it sustained to its property at 'the time of its appropriation. At the time of the appropriation there had been no crusher or bins for storing crushed stone erected on the property, and without these the leasehold right of claimant was of little value, and claimant cannot add improvements to property after an appropriation and enhance the value of property and recover compensation therefor from the State.
I am of the opinion that the claimant, through its directors, knew, when it took this lease and extension thereof, that a canal was to be constructed by the State between this leasehold property and the railroad station at Fort Ann, and that this track was constructed across the surveyed line for the canal with full knowledge of that fact.
Witnesses called by the State, who were men engaged in the business of crushing stone, who had made a careful inspection of this property, and having no interest in any way in the case, put the value of the entire property, of which claimant had a lease, at from $6,000 to $9,000, and that the leasehold rights of claimant were of little or no value.
I have not the slightest confidence in the opinion of wit *463 nesses who place the claimant’s damages to its leasehold rights in this property at from $300,000 to $390,000.
I am in favor of an. award in favor of the claimant and against the State for the sum of $1,000. This award is made upon a careful. and personal inspection by the court and upon the. evidence in the case.